**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| **JOSEPH HOWARD and** § | |
| **DIANE HOWARD** § | |
| Plaintiffs § | |
| § | |
| v. § | Civil Action No. <u>**9:15-cv-000162**</u> |
| § | |
| **FOREST RIVER, INC.,** § | |
| **PRIME TIME MANUFACTURING** § | **JURY DEMANDED** |
| **DIVISION and MYERS RV** § | |
| **CENTER, INC.** § | |
| Defendants § | |

<u>**PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**</u>

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW Plaintiffs, **JOSEPH HOWARD** and **DIANE HOWARD**, in the above styled and numbered cause of action complaining of Defendants, Forest River, Inc., Prime Time Manufacturing Division and Myers RV Center, Inc. For good and sufficient cause of action, Plaintiffs would respectfully show unto this Honorable Court the following:

**I. <u>PARTIES</u>**

1.  Plaintiffs Joseph and Diane Howard are individuals and citizens of Livingston, Polk County, Texas.

2.  Defendant Forest River, Inc. ("Defendant Forest River") is a foreign for-profit corporation that was incorporated in the state of Indiana and has its principal place of business in Indiana and is doing business in Texas. Defendant Forest River has answered and appeared herein.

3.  Defendant Prime Time Manufacturing Division ("Defendant Prime Time") is a division of Defendant Forest River. Defendant Prime Time has answered and appeared herein.

4. Defendant Myers RV Center, Inc. ("Defendant Myers") is a foreign for-profit corporation that was incorporated in the state of New Mexico and has its principal place of business in New Mexico. Defendant Myers has answered and appeared herein.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Defendants are incorporated in a foreign state and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

## III. FACTUAL ALLEGATIONS

7. On or about July 19, 2014, the Plaintiffs purchased a new 2015 Sanibel SNF3601 from Defendant Myers with the vehicle identification number 5ZT3SNIB5FG701166 ("the RV"). The RV, also commonly referred to as a fifth wheel, was manufactured by Defendant Forest River and Defendant Prime Time. It was purchased for the specific purpose of having a temporary place to stay while Plaintiff Joseph Howard undergoes his cancer treatment at the VA medical center in Houston, Texas. The RV was defective and not reasonably fit for its intended purposes, including, but not limited to:

    a. The shower did not have plumbing that would allow the shower water, also commonly referred to as grey water, to drain into an appropriate storage tank. Instead, the shower water simply drained into the underbelly of the RV each time the Plaintiffs used the shower;

    b. The defective plumbing condition caused the underbelly of the RV to detach from the frame;

    c. The defective plumbing condition caused black mold to infest the cargo area and the subfloor of the RV;

    d.      The defective plumbing condition caused shower water to leak on top of the main electrical transformer of the RV, making it a dangerous fire hazard;

    e.      The twelve (12) foot bedroom slide of the RV will not operate properly because it was manufactured with a broken gear/wall board switch;

    f.      The air conditioning in the RV never has worked properly;

    g.      The television in the RV has never worked properly;

    h.      The trim in the RV has come off in several places; and

    i.      The kitchen plumbing system in the RV is defective and must be completely redone.

8. The above-described defects in the RV were inherently undiscoverable. Plaintiffs could not have discovered the defects through the exercise of reasonable care and diligence prior to or after their purchase of the RV.

9. Plaintiffs have suffered economic damages in excess of $100,000.00 related to Defendants' wrongful conduct, including, but not limited to, financial harm for the loss of the benefit of the bargain for the RV, the loss of use of the RV, the loss of the cash deposit, the loss of the trade-in value, and the consequential and incidental damages due to Plaintiffs not being able to use the RV as intended. Plaintiffs have also suffered non-economic damages in excess of $250,000.00 related to Defendants' wrongful conduct, including, but not limited to, extreme mental anguish for depression, anxiety, frustration, anger, loss of sleep, marital stress, and the aggravation and exacerbation of Plaintiff Joseph Howard's cancer condition and the PTSD from his prior military service. To protect their rights, Plaintiffs have been forced to incur attorney's fees, expert fees and the costs of litigation that is anticipated to be in excess of $100,000.00 through the time of trial.

## IV. CONDITIONS PRECEDENT

10. All conditions precedents have been performed or have occurred.

## V. CAUSES OF ACTION

11. The Plaintiffs do hereby sue for actual damages under all theories of consumer law, including breach of contract, fraud, breach of express warranties, breach of implied warranties and violations of New Mexico's Unfair Practices Act, which entitles Plaintiffs to recover their reasonable attorney's fees under N.M. Stat. § 57-12-10. In addition, the Plaintiffs sue under theories of negligence and gross negligence for actual damages and punitive damages. Alternatively, Plaintiffs sue for rescission of the contract to purchase the RV.

### A. FRAUD, CONSTRUCTIVE FRAUD AND FRAUD IN THE INDUCEMENT

12. Defendants made numerous false and material misrepresentations to Plaintiffs with the intent that these misrepresentations be relied upon by Plaintiffs. As used herein, the term "misrepresentations" includes but is not limited to omissions whereby Defendants failed to disclose relevant and material facts to Plaintiffs so as to deprive them of a full, complete, fair and accurate picture of the facts and circumstances relating to the parties' contractual relationship. The misrepresentations began prior to the consummation of the contractual relationship between Defendants and Plaintiffs, and continued throughout the term of the parties' relationship.

13. The misrepresentations made to Plaintiffs by Defendants include, but are not limited to, the following: a) the RV is new; b) the RV is top of the line; c) the RV is the best; d) the RV will last you a life time; and e) the Peace of Mind two-year warranty and the Advantage Package will cover all problems with the RV. These misrepresentations were made by Defendants to Plaintiff, inter alia, to induce them to enter into a contractual relationship and to cause Plaintiffs

to cease or curtail looking for other RVs.  Plaintiffs relied upon these material misrepresentations by Defendants and, as a result, they entered a contract with Defendants to purchase the RV.

14. During the transaction, Defendants continued to make false representations of fact, made false promises and benefited by not disclosing that prior to their contractual obligations Defendants had formed an intention to deceive Plaintiffs and that the Defendants knew the RV was defective at the time it was sold to Plaintiffs.  Defendants' "string-along" fraud was done for the purpose of inducing Plaintiffs into purchasing the RV.  Defendants' fraudulent acts and omissions caused Plaintiffs' damages.

B. BREACH OF CONTRACT

15. Plaintiffs had a written contract with Defendants for the purchase of the RV. Defendants breached the purchase contract with Plaintiff.  Defendants' breach of the purchase contract caused Plaintiffs' damages.

16. Additionally, at the time Plaintiffs entered into the contract to purchase the RV, the Plaintiffs also purchased the Peace of Mind two-year warranty and the Advantage Package.  The Defendants promoted and encouraged Plaintiffs to purchase the Peace of Mind two-year warranty and the Advantage Package to cover any problems the Plaintiffs may have with the RV after the purchase.  However, after Plaintiffs experienced the problems with the RV, as described above, Defendants breached the Peace of Mind two-year warranty and the Advantage Package by refusing to honor the warranty and package or provide Plaintiffs with a safe, realistic plan to remedy the problems. Defendants' breach of the Peace of Mind two-year warranty and the Advantage Package caused Plaintiffs' damages.

    C.    BREACH OF EXPRESS WARRANTIES

17. Defendants expressly made affirmations of fact and promise regarding the RV, which became a part of the basis of the bargain with Defendants. Specifically, during the sale of the RV, Defendants expressly represented to Plaintiffs that, among other representations,: a) the RV is new; b) the RV is top of the line; c) the RV is the best; d) the RV will last you a life time; and e) the Peace of Mind two-year warranty and the Advantage Package will cover all problems with the RV. These statements were made to persuade Plaintiffs to purchase the RV. Plaintiffs relied on these statements to purchase the RV and they were the basis for the bargain and/or purchase. Defendants' breach of the expressed warranties caused Plaintiffs' damages.

    D.    BREACH OF IMPLIED WARRANTIES

18. Defendants are merchants of RVs. Defendants breached the implied warranty of merchantability because the RV was defective and not merchantable at the time it was sold by the Defendants. Additionally, Defendants breached the implied warranty of fitness for a particular purpose. Plaintiffs expressly disclosed to Defendants that the RV would be purchased for regular travel to and from Houston, Texas, where Plaintiff Joseph Howard was receiving cancer treatment. Plaintiffs were relying upon Defendants' skill and judgment to select or furnish a suitable RV. Defendants breached the implied warranty of fitness for a particular purpose because the RV was defective and not fit for the known purpose for the RV. Defendants' breach of the implied warranty of merchantability and implied warranty of fitness for a particular purpose caused Plaintiffs' damages.

    E.    NEW MEXICO'S UNFAIR PRACTICES ACT

19. In the regular course of Defendants' trade or commerce, the Defendants engaged in unfair and deceptive trade practices by providing Plaintiffs with false and misleading oral and

written statements, visual descriptions and other representations knowingly made in connection with the sale of the RV. Defendants deceived and misled Plaintiffs by:

    a. Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

    b. Causing confusion or misunderstanding as to affiliation, connection or association with or certification by another;

    c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

    d. Representing that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used or secondhand;

    e. Representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

    f. Stating that a transaction involves rights, remedies or obligations that it does not involve; and

    g. Failing to deliver the quality or quantity of goods or services contracted for.

20. Additionally, Defendants engaged in unconscionable trade practices because they knowingly and intentionally took advantage of Plaintiffs' lack of knowledge, ability, experience and/or capacity to a grossly unfair degree, which resulted in a gross disparity between the value of the RV received by Plaintiffs and the price paid. Plaintiffs relied on Defendants' false and misleading statements to purchase the defective RV. Defendants' violations of the New Mexico Unfair Practices Act caused Plaintiffs' damages.

F. <u>NEGLIGENCE</u>

21. Defendants engaged in several acts and omissions constituting negligence. Such acts and omissions constitute a failure to exercise that degree of care, which an ordinarily prudent person or business would have exercised in a same or similar circumstance. Defendants owed

Plaintiffs a duty to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiffs. Defendants breached their duty to Plaintiffs. Each and all of the above and foregoing acts, both of omission and commission, constitute and were negligence on the part of Defendants, and each and all separately and concurrently were a proximate cause of the occurrence in question and the resulting injuries and damages suffered by Plaintiffs.

### G. GROSS NEGLIGENCE

22. The reckless acts and omissions of Defendants were grossly negligent. When viewed objectively from the standpoint of Defendants at the time of its occurrence, their conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiffs. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, welfare and safety of others, including Plaintiffs. The gross negligence of Defendants was a proximate cause of the damages to Plaintiffs.

### H. REQUEST FOR RESCISSION

23. Alternatively, Plaintiffs revoke their acceptance of the contract with Defendants to purchase the RV because the defects in the RV substantially impair its value to Plaintiffs and acceptance of the terms of the contract was based upon Plaintiffs' reasonable reliance on the false representations and warranties of Defendants. Accordingly, Plaintiffs seek a cancelation of the transaction and an order of the Court restoring to them the money obtained by the Defendants as a result of the false representations and warranties. Plaintiffs also seek a cancelation of the debt for the RV and offer to return the RV.

## VI. JURY DEMAND

24. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and, after due process of law, Plaintiffs have judgment against Defendants in actual damages, jointly and collectively, individually and severally, together with affirmative relief, treble damages, punitive damages, other enhanced damages, pre-judgment interest, post-judgment interest, attorney's fees, expert fees, costs of suit, and such other and further relief, both general and special, in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

CHANDLER, MATHIS & ZIVLEY, P.C.

By:     */s/ Stephen R. Walker*
George Chandler
State Bar No. 04094000
Stephen R. Walker
State Bar No. 24034729
P.O. Box 340
Lufkin, Texas 75902-0340
936-632-7778 – Phone
936-632-1304 – Fax
gchandler@cmzlaw.com
swalker@cmzlaw.com

W. Perry Zivley, Jr.
State Bar No. 22280050
601 Sawyer, Suite 600
Houston, Texas 77007
(713) 739-7722 – Phone
(713) 739-0922 – Fax
pzivley@cmzlaw.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this instrument has been served on Defendants via the Eastern District of Texas - CM/ECF system on December 28, 2016.

                              By:     */s/ Stephen R. Walker*
                                         Stephen R. Walker