** NOT FOR PRINTED PUBLICATION **

UNITED STATES DISTRICT OURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JOSEPH HOWARD and DIANE HOWARD, *Plaintiffs*, | § § § § | |
| v. | § | Civil Action No. 9:15-CV-162 |
| FOREST RIVER, INC., PRIME TIME MANUFACTURING DIVISION, and MYERS RV CENTER, INC., *Defendants*. | § § § § § § | |

# MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, this matter was referred to United States Magistrate Judge Keith F. Giblin for pretrial matters. On November 14, 2017, Judge Giblin entered his Report and Recommendation (Dkt. # 83) recommending that the District Court grant in part and deny in part Defendants' motions for summary judgment.

Defendants filed objections to the Report and Recommendation (Dkt. # 91). Defendants object to a number of Judge Giblin's findings regarding choice of law and his application of agency principles. More specifically, Defendants contend that Texas law should apply to the agency determination and the magistrate judge erroneously applied New Mexico law. They further contend that the evidence does not support the magistrate judge's finding of a genuine issue of material fact on the existence of an agency relationship between the manufacturer Defendant, Forest River, and the retailer Defendant, Myers RV. Defendants argue that the magistrate judge

1

erred in considering Myers RV's conduct as the purported agent in making this determination, as opposed to the conduct of Forest River, the purported principal.

The Court is unconvinced that the magistrate judge erred in his choice of law analysis or that he should have applied New Mexico law to the causes of action themselves but not to the agency principles as part of that analysis. Judge Giblin engaged in the choice-of-law analysis on the causes of action which are the subject of Defendants' objections – constructive fraud and fraudulent inducement and concluded that New Mexico law applied See Report, at pp. 4-6. Defendants' argument suggests the magistrate judge erred in applying New Mexico law to the issue of agency, which was within his analysis of the constructive fraud and fraudulent inducement claims. *See* Objections; *see also* Report, at pp. 9-14. Defendants have not presented persuasive authority for the proposition that New Mexico law should not apply to the agency analysis as well as to the fraud-related causes of action.

Under either Texas or New Mexico law, there was sufficient evidence of an agency relationship to raise an issue of material fact.

Under Texas law, which Defendants contend should be applied, the elements of liability under the agency theory of actual authority are that the defendant (1) intentionally confers authority upon the agent, (2) intentionally allows the agent to believe he possesses authority, or (3) by want of due care allows the agent to believe he possesses authority. *Protect Envtl. Svcs., Inc. v. Norco Corp.*, 403 S.W. 3d 532, 539 (Tex. App. – El Paso 2013, pet. denied) (citing *2616 S. Loop LLC v. Health Source Home Care, Inc.,* 201 S.W. 3d 349*,* 356 (Tex. App. – Houston [14th Dist.] 2006, no pet.)); *see also* O'CONNOR'S TEXAS CAUSES OF ACTION (2017), at 1231. Actual authority may be express or implied. *Protect Envt'l*, 403 S.W. 3d at 540. Under implied actual authority, an agency relationship is created through the conduct of either of the parties or from the facts and

circumstances surrounding the transaction in question. *Id* (citing *Walker,* 108 S.W.3d at 550). In other words, something the principal does leads the agent to believe he has the authority to act on behalf of the principal.

Apparent authority arises when a principal intentionally or negligently induces parties to believe that a person is the principal's agent although the principal has not conferred any authority on that person. *Protect*, 403 S.W. 3d at 540–41; *see also see also* O'CONNOR'S TEXAS CAUSES OF ACTION (2017), at 1239. The essential elements are (1) a reasonable belief in the agent's authority; (2) generated by some holding out or neglect of the principal; and (3) a justifiable reliance on the authority. *Protect*, 403 S.W. 3d at 541. Under apparent authority, "a court may consider only the conduct of the principal leading a third party to believe that the agent has authority." *Id*. In other words, no actual authority has been conferred or communicated by the principal to the agent, but third parties are given the impression that the agent has authority and third parties may rely on that impression.

There is no substantive difference in the agency principles under New Mexico law. [1]

---

[1] New Mexico law provides that "[a]n agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts some other business, manages some affair[,] or does some service for the principal, with or without compensation." *Barron v. Evangelical Lutheran Good Samaritan Soc*., 2011-NMCA-094, ¶ 16, 150 N.M. 669, 265 P.3d 720, 725 (citing *Tercero v. Roman Catholic Diocese,* 2002–NMSC–018, ¶ 12, 132 N.M. 312, 48 P.3d 50)). "The authority of an agent may be actual or apparent." *Tercero,* 2002–NMSC–018, ¶ 12, 132 N.M. 312, 48 P.3d 50. "Actual authority is given to the agent by the principal in terms that are express, or in terms that are implied from words or conduct of the principal to the agent or from the circumstances of the relationship." *Barron*, 2011-NCMA-094, 265 P.3d at 725 (citing *Comstock v. Mitchell,* 110 N.M. 131, 134, 793 P.2d 261, 264 (1990) (Ransom, J., specially concurring)). "Apparent authority arises from manifestations by the principal to the third party and can be created by appointing a person to a position that carries with it generally recognized duties." *Id* (quoting *Diversified Dev. & Inv., Inc. v. Heil,* 119 N.M. 290, 296, 889 P.2d 1212, 1218 (1995)) (internal quotation marks and citation omitted). "[A] principal . . . is responsible for the acts of the agent when the principal has clothed the agent with the appearance of authority." *Id*. (quoting *Romero v. Mervyn's,* 109 N.M. 249, 253, 784 P.2d 992, 996 (1989)).

Defendants have failed to show that there is no genuine issue of material fact as to whether Myers RV was acting as Forest River's agent, either through implied actual authority or apparent authority, when Forest River supplied the promotional material and Myers RV made alleged representations to the Howards about Forest River's warranty. Defendants argue that the magistrate judge erred in focusing on the actions of Myers RV as the purported agent rather than the actions of Forest River, the purported principal. But Judge Giblin properly considered the actions of Forest River. There is some summary judgment evidence that Forest River created a promotional brochure concerning a two-year extended warranty. Simply because Judge Giblin recognized evidence that Myers RV also held itself out as a purported agent to third-party buyers does not preclude his determination that there is a triable issue regarding the agency relationship. The court is not convinced that there is no genuine issue of material fact concerning agency.

Defendants argue that Judge Giblin "misconstrued well-settled law" and that his findings will "instantaneously transform every dealer of every product into an agent of the manufacturer and would represent and outlier and a sea change to over sixty years of well-established jurisprudence." *See* Objections, at pp. 5, 7. The Court disagrees with this characterization. A judge's role at the summary judgment stage is to consider whether there is an absence of a genuine issue of material fact on the Plaintiffs' (as non-movants) claims, drawing all justifiable inferences in the Plaintiffs' favor. *See* FED. R. CIV. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). Judge Giblin correctly determined that the summary judgment record created at least a justifiable inference that Myers RV was acting as Forest River's agent based upon principles of agency. It follows that the ultimate determination on this factual issue, including whether there was implied actual authority, apparent

4

authority, or no agency relationship at all, should be made by the jury. The Defendants' objections to this portion of Judge Giblin's summary judgment analysis are, therefore, misplaced.

The Court has considered the objections and the magistrate judge's report. Having conducted a *de novo* review, the Court is of the opinion that the findings and conclusions of the magistrate judge are correct. It is therefore **ORDERED t**hat the *Report and Recommendation on Motion for Summary Judgment* (Doc. No. 83) is **ADOPTED**. The defendants' objections (Doc. No. 91) are **OVERRRULED**. This Court therefore **ORDERS** that Defendants' Motions for Summary Judgment (Doc. No. 44 and Doc. No. 45) are **GRANTED IN PART AND DENIED IN PART**.

The Court grants summary judgment in favor of defendant Forest River, Inc., on the plaintiffs' causes of action for breach of contract, breach of implied warranty of fitness for a particular purpose, negligence and gross negligence. The Court also grants summary judgment in favor of Myers RV on the plaintiffs' causes of action for breach of implied warranty for a particular purpose, breach of implied warranty of merchantability, and gross negligence. Those claims are **DISMISSED**, with prejudice. All other causes of action remain pending for trial.

So **ORDERED** and **SIGNED** this **4** day of **December, 2017.**

_____
Ron Clark, United States District Judge